GEORGE W. HAWKE V. ANDREW KERR.

FILED DECEMBER 21, 1904.   No. 13,647.

Review. When the verdict and judgment are such as alone could be upheld by the undisputed and indisputable evidence, the court will not examine the record for the ascertainment of alleged errors occurring at the trial.

ERROR to the district court for Gage county: JOHN S. STULL, JUDGE. *Affirmed.*

*E. F. Warren* and *E. O. Kretsinger*, for plaintiff in error.

*Hazlett & Jack, contra.*

AMES, C.

This is an action for damages for breach of an alleged oral contract by the defendant to borrow a sum of money from the plaintiff for a term of years, and to secure the repayment of the same, with interest, by a mortgage upon lands of the defendant. The answer pleads the statute of limitations and the statute of frauds, together with a general denial. The evidence fails completely to establish the agreement set forth in the petition, but it

is shown, with but little if any dispute, that the defendant's lands were subject to sale upon existing decrees of mortgage foreclosure, and that the plaintiff agreed to purchase them at judicial sale, and hold the title in trust to convey them to the defendant at the expiration of a specified term of years, upon being repaid the purchase price and interest, and that the lands, without the fault of the defendant, who had no control over the decrees of foreclosure, were not advertised or offered for sale. The only controversy in this respect is as follows: Certain lands of the defendant were exposed to sale under a decree against them, and he contends that they were all that were the subject of his agreement with the plaintiff, and that the latter by refusing to buy them committed a breach of the agreement himself; but the plaintiff contends that the agreement included other lands which were not offered, and that he was therefore excused from buying those that were so. Under the circumstances we do not see how this dispute is material.

There was a verdict and judgment for the defendant, and the plaintiff prosecutes this proceeding, alleging several errors as having occurred at the trial. There is a wide if not fatal variance between the contract alleged in the petition and that proved at the trial; and of the latter, which was never perfected, the defendant is not shown to have been guilty of a breach. There are a large number of alleged errors assigned in the petition in error and in the brief of counsel which we do not feel called upon to discuss because, granting them to be well assigned and to be as flagrant as it is contended that they were, they did not contribute to the establishment of the above recited facts, about which there is no real dispute, nor would their absence have disclosed a different condition of affairs. In our opinion the verdict is the only one which could have been upheld by the undisputed evidence, and we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.